# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) ) ) ) v. ) ) **STEPHANIE HEATHER OSBORNE,** ) ) Defendant. ) ) | Case No. 1:07CR00019-002  **OPINION AND ORDER**  By: James P. Jones United States District Judge |

*Krista Consiglio Frith*, Assistant United States Attorney, Roanoke, Virginia, for United States; *Nancy C. Dickenson-Vicars*, Assistant Federal Public Defender, Abingdon, Virginia, for Defendant.

The defendant, a federal inmate previously sentenced by this court, has filed by counsel a motion seeking compassionate release from her sentence. The motion is filed pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018, Pub. L. No. 115-391, § 603, 132 Stat. 5194, 5239 (2018), which permits a reduction in sentence after considering the factors set forth in 18 U.S.C. § 3553(a) and if the court finds "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." The defendant's motion has been fully briefed and is ripe for decision.

I.

Osborne was sentenced by this court by judgment entered on December 27, 2007, after pleading guilty to conspiring to distribute and three counts of distributing oxycodone, in violation of 21 U.S.C. §§ 846 and 841(a)(1). She was determined to have an advisory sentencing guideline range of 210 months to 262 months and was sentenced to a total term of imprisonment of 240 month, to be followed by a term of five years of supervision. In 2015, her sentence was reduced by the court to 198 months pursuant to the retroactive application of Amendment 782 to the U.S. Sentencing Guidelines Manual ("USSG"). Her present projected release date is June 19, 2021.

Osborne is now 44 years old. She is incarcerated at FCI Hazelton, in Bruceton Mills, West Virginia. She seeks compassionate release based on her mother's need for a caretaker due to her mother's serious medical conditions and the defendant's own lupus diagnosis and the current Covid-19 pandemic. If released, members of her family would return her to Grundy, Virginia, to live with her mother, Linda Salmons, 70 years old, who suffers from cardiac disease, COPD, and diabetes. Mrs. Salmons is on 24-hour per day oxygen, has a "limited prognosis," and needs the daily assistance of a caretaker. Suppl. Mot. Ex. 1, Letter from Tara Matney, NP (June 4, 2020), ECF No. 169-1.

Osborne herself has been in the past diagnosed with lupus, Presentence Investigation Report ¶ 53, ECF No. 170, although she has not been treated while incarcerated. Lupus is an autoimmune disease and as such increases the risk of infection from coronavirus. Suppl. Mot. 4–5, ECF No. 169.

The government opposes an early release for the defendant. It argues that the Bureau of Prisons has adopted adequate policies to protect inmates and staff from infection. It contends that Osborne's desire to care for her mother is not a sufficient extraordinary and compelling reason for release and that her own health condition is of minimal risk, since she has not sought treatment for it while in prison.

Finally, the government argues that factors under 18 U.S.C. § 3553(a) point away from release, since she was a leader of large drug conspiracy, had several disciplinary charges while incarcerated, and suffered from drug addiction before her arrest.

## II.

The court may grant a § 3582(c)(1)(A) motion by an inmate "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A). I have held that, while mandatory, exhaustion under this statute is not jurisdictional. *United States v. Nance*,

7:92CR00135, 2020 WL 114195, at *2 (W.D. Va. Jan. 10, 2020).  Osborne filed a request with the Warden on May 27, 2020, and the government concedes that since 30 days has lapsed, no further exhaustion is required.

While it is true that Osborne was convicted of serious crimes, she has already served a lengthy prison sentence.  The co-leader of the conspiracy and her boyfriend, Joey Franklin Phillips, also received a sentence of 240 months, but received a larger reduction under Amendment 782 and was released from prison on May 31, 2019.

FCI Hazelton has one active inmate Covid-19 case and one active staff case as of July 13, 2020.  However, of the 1,664 inmates at FCI Hazelton, only 32 have completed Covid-19 testing. Federal Bureau of Prisons, *COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited July 13, 2020).

Osborne did have a serious drug habit before her arrest, but she has competed the Bureau of Prison's Residential Drug Abuse Program ("RDAP") and will be facing a five-year term of supervision upon her release, in which she is required to participate in a program of substance abuse treatment at the direction of the probation officer.  Other than the drug distribution crimes of which she was convicted, Osborne had no criminal history other than motor vehicle violations.

Under all of the circumstances, considering the caretaker needs for Osborne's mother, and Osborne's own health risks in prison, I find that she that she qualifies for reduction in sentence.  There are extraordinary and compelling reasons shown.

Based on her age and the deterrent effect of her lengthy sentence already served, I do not find that she will be a danger to the community. In addition, based on consideration of all relevant § 3553(a) factors, her release is appropriate.

III.

For the foregoing reasons, it is **ORDERED** as following:

1. The Motion for Compassionate Release, ECF No. 163, and the Supplemental Motion for Compassionate Release, ECF No. 169, are GRANTED;

2. The terms of imprisonment imposed on Defendant Stephanie Heather Osborne, Reg. No. 12814-084, by Judgment entered December 27, 2007, and as later reduced, are now hereby REDUCED to TIME SERVED as to all counts;

3. Defendant Osborne shall be immediately released after processing and arrangements made for her relatives to deliver her directly to her mother's home in Grundy, Virginia. She must wear a mask during her transport to her mother's home;

4. The following additional special conditions shall apply to the defendant's five-year term of supervised release:

   a. The defendant must reside at all times at the home of her mother in Grundy, Virginia;

   b. During the first 14-day period at her mother's home she must stay inside at all times without visitors and must wear a mask when she is within 6 feet

of her mother and must seek Covid-19 testing if she exhibits any symptoms consistent with Covid-19;

      c.  Beginning when she first arrives, the defendant must serve a period of four (4) months of home confinement, in which she must remain at her mother's home at all times, day and night, except for medical emergencies, or other absences approved in advance by her probation officer.  Location monitoring is at the discretion of the probation officer; and

      d.  The defendant must obey all directives of any public authority relating to protections against the current Covid-19 pandemic, including wearing of masks and social distancing.

The Clerk shall provide a copy of this Order to the Probation Office, which Office shall provide a copy to the Bureau of Prisons.

    ENTER:  July 13, 2020

    /s/  JAMES P. JONES
    United States District Judge